CHANDLER v. KEILER ET AL.

1. **Tax Sale:** EFFECT OF DEED: SALE IN SEPARATE PARCELS. Where parol evidence had been admitted to show that the land conveyed by a tax deed was sold in a mass with other parcels, the jury should have been instructed either that the deed was conclusive of the regularity of the sale or that there was no question before them on that point.

*Appeal from Keokuk District Court.*

THURSDAY, OCTOBER 19.

ACTION to recover the possession of certain real estate in Keokuk county. The plaintiff introduced in evidence a tax deed of the land in question. The defendants, who claim to hold the patent title to the land, introduced evidence tending

to show that the land in question was sold in a mass with a large number of other tracts, and that there was no public outcry or offer of the land. The court instructed the jury in these words: "The material question is: was there a sale, and upon this point you are instructed that if you find that the treasurer did not offer separately and publicly the particular lot in controversy for sale, submitting the same to public competition, and that the only exposure for sale was by an offer of all the lots in South English in a body, such lots amounting to a considerable number, and were then bid off in a lump, then there was no sale." Judgment for defendants. Plaintiff appeals.

*Woodin & McJunkin*, for appellant.

*Mackey & Donnell*, for appellees.

ADAMS, J.—In the foregoing instruction the jury was told in substance that there was no sale unless the lots were offered both separately and publicly. While this is correct as an abstract proposition, we think that under the circumstances it must have had a tendency to mislead the jury. The tax deed introduced in evidence showed upon its face that the lot in question was offered separately. Parol evidence, however, was admitted tending to show that it was not offered separately. The question as to whether it was or was not offered separately, should not have been submitted in the manner in which it was. It is true the jury was told in another part of the charge that the deed was conclusive evidence that the manner in which the sale was conducted was in all respects as the law directs. Still, as parol evidence was allowed to go to the jury that the lot was not offered separately, they should have been instructed either that the deed was conclusive that it was offered separately, or that there was no question before them on that point. As it was the jury was required to determine the effect of the deed.

REVERSED.